IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Millicent Newman, | C/A No. 3:10-942-CMC-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Employment and Workforce,[1] | |
| Defendant. | |

The plaintiff, Millicent Newman ("Newman"), an African American female, filed this action against her former employer, the South Carolina Employment Security Commission, a state agency that has since been legislatively reconstituted as the South Carolina Department of Employment and Workforce ("Department"). Newman's Complaint asserts claims of race discrimination and hostile work environment in violation of 42 U.S.C. § 1981 (Counts 1 and II); retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and South Carolina law (Count III); intentional infliction of emotional distress (Count IV); and wrongful discharge (Count V). (See generally Compl., ECF No. 1-1 at 4-14.) The Department removed this action to federal court, and this matter is now before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the Department's motion to dismiss the complaint or, alternatively, for judgment on the pleadings as to all claims. (ECF No. 6.) Having carefully considered the parties' submissions, the court concludes that the Department's motion should be granted.

---

[1] Pursuant to Rule 25 of the Federal Rules of Civil Procedure, the South Carolina Department of Employment and Workforce is substituted for Defendant South Carolina Employment Security Commission. See Act No. 146, 2010 S.C. Acts 1168.

## DISCUSSION

**A.    Standard for Rule 12(b)(6) and Rule 12(c)**

A motion under Federal Rule of Civil Procedure 12(b)(6) or 12(c) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); see also Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009) (applying the same standard for Rule 12(c) as for Rule 12(b)(6)). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007).

**B.    Newman's Claims**

All of Newman's claims fail as a matter of law. First, her claims purportedly brought pursuant to 42 U.S.C. § 1981 cannot lie against the Department. See Jett v. Dallas Independent School Dist., 491 U.S. 701 (1989) (holding that alleged violations of § 1981 against state actors and governmental entities must be pursued exclusively under 42 U.S.C. § 1983).[2] Even recharacterizing Newman's claims as arising under § 1983, however, such claims fail as a matter of law against the Department because, as an arm of the State of South Carolina, it is not a "person" within the meaning of that statute. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Finally, any claims Newman might have against the Department pursuant to Title VII are insufficiently pled. See Fed. R. Civ. P. 9(c) (requiring that with regard to claims that have necessary conditions

---

[2] The United States Court of Appeals for the Fourth Circuit has opined that this aspect of Jett was not affected by the Civil Rights Act of 1991. See Dennis v. County of Fairfax, 55 F.3d 151, 156 n.1 (4th Cir. 1995).

precedent, the complaint must allege that all such conditions precedent have been performed); United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979) (holding that a complaint asserting Title VII claims that does not allege that procedural prerequisites have been met is properly dismissed).  Amending the Complaint to cure this deficiency would not avail Newman, as any Title VII claims are time barred in any event.  Newman filed this action well after the expiration of her ninety-day statutory time frame in which to file a lawsuit on such claims.  See 42 U.S.C. § 2000e-5(f)(1); (see generally Def.'s Mem. Supp. Mot. Dismiss, ECF No. 6-1 at 6-7 (discussing untimeliness of Title VII claims); Pl.'s Resp. Opp'n Def.'s Mot. Dismiss, ECF No. 15 (failing to address the Department's argument that Title VII claims are time barred)).

Newman's state law claims against the Department fail as well.  Her claim of intentional infliction of emotional distress, like her Title VII claim, is insufficiently pled.  See Hansson v. Scalise Builders of South Carolina, 650 S.E.2d 68, 70 (S.C. 2007) (listing elements of intentional infliction of emotional distress).  Again, amendment of the Complaint would not save this cause of action, since the Department, as a state agency, has sovereign immunity with regard to this tort claim.[3]  See S.C. Code Ann. §§ 15-78-10 et seq. (containing a limited waiver of the state's sovereign immunity for certain torts but otherwise restoring the state's common law immunity from suit). Specifically, the South Carolina Tort Claims Act defines "loss" to exclude "the intentional infliction of emotional harm," see S.C. Code Ann. § 15-78-30(f); provides for governmental entities an exemption from liability for loss resulting from employee conduct that constitutes intent to harm, § 15-78-60(17); and protects state agencies from liability for losses resulting from any claim covered

---

[3] Although the Department concedes that by removing this case it waived its immunity under the Eleventh Amendment to the United States Constitution from suit in federal court, it did not waive its state law sovereign immunity from suit on intentional torts.  See Stewart v. State of North Carolina, 393 F.3d 484 (4th Cir. 2005).

*PJG*

by the South Carolina Workers' Compensation Act, see § 15-78-60(14). See also Ward v. City of N. Myrtle Beach, 457 F. Supp. 2d 625, 646-47 (D.S.C. 2006) (holding that a plaintiff's state claims for outrage and negligence against the city were barred due to the exclusivity provision in the South Carolina Workers' Compensation Act and the exclusion contained in the South Carolina Tort Claims Act); Dickert v. Metropolitan Life Ins. Co., 428 S.E.2d 700 (S.C. 1993) (holding that a plaintiff who asserts a claim of intentional infliction of emotional distress arising out of her employment is asserting a "work-related injury" within the scope of the Workers' Compensation Act).[4]

Finally, Newman's wrongful discharge cause of action is precluded under South Carolina law providing that the public policy exception to at-will employment does not apply where the employee has a statutory remedy. See Stiles v. Am. Gen. Life Ins. Co., 516 S.E.2d 449, 452 (S.C. 1999) (Toal, J., concurring). Here, as an employee of the state who was not subject to at-will termination, Newman had statutory remedies available to her to redress this claim, which is based on her allegation that she was terminated because she refused to participate in fraud. See S.C. Code Ann. § 8-17-310 et seq. (State Employee Grievance Procedure Act); S.C. Code Ann. § 8-27-10 et seq. (Whistleblower Act). As such, she cannot maintain a claim for the tort of wrongful discharge. See Dockins v. Ingles Markets, Inc., 413 S.E.2d 18 (S.C. 1992) (Fair Labor Standards Act); Gleaton v. Monumental Life Ins. Co., C/A No. 2:09-1667-MBS, 2010 WL 419921, *9 (D.S.C. Jan. 28, 2010) (Title VII and 42 U.S.C. § 1981); Lawson v. South Carolina Dep't of Corrections, 532 S.E.2d 259 (S.C. 2000) (holding that the plaintiff could not maintain a claim for wrongful discharge because the Whistleblower Act afforded a statutory remedy, even if the plaintiff failed to invoke it).

---

[4] Newman does not appear to dispute that her intentional infliction of emotional distress claim against the Department is barred by sovereign immunity, as her response contains no discussion of the issue.

In response to the Department's motion,[5] Newman requests that the court dismiss her claims under 42 U.S.C. § 1981 without prejudice so that she may re-file "with the proper parties named."[6] (Pl.'s Mem. Opp'n Def.'s Mot. Dismiss, ECF No. 15 at 4.) Such relief is unnecessary, as the dismissal of her claims against the Department with prejudice does not impact any claim she may have against other potential defendants. Similarly, although Newman requests that her wrongful discharge claim be remanded to state court, remand is not appropriate since the claim fails as a matter of law.

## RECOMMENDATION

All of the claims asserted in Newman's Complaint fail as a matter of law. Accordingly, the court recommends that the Department's motion for judgment on the pleadings (ECF No. 6) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 21, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[5] Newman also includes an extensive discussion of qualified immunity in her response. The court fails to see the relevance of this argument, as no state officials are named as defendants in this action.

[6] Newman includes as an attachment to her response a motion to amend her complaint. Although the motion states that a proposed amended complaint is attached, no such attachment appears in the record. Accordingly, the court cannot determine which "proper parties" Newman seeks to include.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).