IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Millicent Newman, ) | C/A No. 3:10-942-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| South Carolina Department of Employment ) | |
| and Workforce, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Through this action, Plaintiff, Millicent Newman ("Newman" or "Plaintiff"), seeks recovery under various state and federal statutes for alleged discrimination, hostile treatment, and retaliation in employment as well as for wrongful termination in violation of public policy. All of Newman's causes of action relate to her employment with and termination from Defendant, the South Carolina Department of Employment and Workforce ("the Department").[1]

For the reasons set forth below and in the Report and Recommendation of the Magistrate Judge, the undersigned concludes that the Department is entitled to dismissal or judgment on the pleadings as to all claims.

**PROCEDURAL BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On September 22, 2010, the Magistrate Judge issued

---

[1] Prior to legislative reconstitution in its present form, the Department was known as the South Carolina Employment Security Commission.

a Report recommending that the Department's motion to dismiss or for judgment on the pleadings be granted in full and that Newman's claims be dismissed with prejudice. Dkt. No. 17.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Newman timely filed an Objection on October 12, 2010, raising one general and two specific arguments. Dkt No. 18. The Department responded to Newman's Objection on October 16, 2010, addressing Newman's specific objections and arguing that the court should adopt the Report and dismiss all of Newman's claims with prejudice. Dkt. No. 23.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

2

**REPORT, OBJECTION AND RESPONSE**

**Report and Recommendation.** The Report recommends that Newman's claims under 42 U.S.C. § 1981 be dismissed as legally deficient, because claims against state actors and governmental entities based on such allegations may be maintained only under 42 U.S.C. § 1983. Report at 17. The Report also notes that the claims would fail if recast as Section 1983 claims because the Department, an arm of the State, is not a "person" within the meaning of the statute. *Id.* The Report recommends that Newman's claims under 42 U.S.C. § 2000e *et seq.* ("Title VII") be dismissed with prejudice because they are insufficiently pled and time-barred in any event. Report at 2-3 (noting action was filed well after the statutory time frame for filing the lawsuit).

The recommendations as to Newman's state law claims are essentially the same. As to her state law claim for intentional infliction of emotional distress, the Report recommends dismissal for insufficient pleading and also notes that amendment would be futile in light of the state's sovereign immunity and other defenses to this claim. Report at 3-4 (distinguishing sovereign immunity from Eleventh Amendment immunity and discussing exclusivity of remedies under the Worker's Compensation Act). The Report recommends dismissal of Newman's claim for wrongful discharge in violation of public policy ("*Ludwick* claim") because such claims are barred where, as here, other statutory remedies are available. Report at 4.[2]

Finally, the Report recommends denial of two requests Newman makes in her response to the Department's motion. First, the Report recommends denial of Newman's request that dismissal

---

[2] South Carolina first recognized a claim for wrongful discharge in violation of public policy in *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213, 216 (S.C. 1985). As explained in a number of subsequent cases, such claims may not be pursued where there are statutory remedies available for redress of the challenged termination. *See, e.g., Stiles v. Am. G. Life Ins. Co.*, 516 S.E.2d 449, 452 (S.C. 1999) (Toal, J., concurring); Report at 4 (listing other cases so holding).

3

of her Section 1981 claim be without prejudice to refiling the same or similar claims against different defendants. The Report notes that such a limitation on the dismissal is unnecessary to preserve Newman's right to bring suit against persons not named as parties in this action. Second, Newman requests that her wrongful discharge claim be remanded rather than resolved by this court. The Report recommends against remand given that this claim clearly fails as a matter of law.

**Objection.** In her Objection, Newman first offers a generic argument that the Report erred in recommending dismissal of her "causes of action in their entirety." Dkt. No. 18 at 1. In support of this argument, she notes that the standard for dismissal "is still a very liberal standard." *Id.* at 1-2 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). Newman does not, however, point to any aspect of the Report which even arguably misapplied the relevant legal standards. Thus, this argument does not raise any specific objection.

Newman next addresses the specific recommendation that her *Ludwick* claim be dismissed based on availability of statutory remedies. She maintains that this recommendation is in error because "there is no other remedy available." In support of this contention, she points to various reasons she believes the available remedies would not be effective. For example, she argues that the State Employee Grievance Procedure Act ("Grievance Act"), S.C. Code Ann. § 8-17-310 *et seq.*, does not offer a remedy regarding the fraud "due to the involvement of the state in the fraud and the failure of the State to allow the Plaintiff to address these complaints." Dkt. No. 18 at 2. She also argues that the Whistleblower Act, S.C. Code Ann. § 8-27-10 *et seq.*, does not provide "a remedy that is reasonable for the loss of her position" because "the statute is excessively limited and does not cover the Plaintiff's cause of action." Dkt. No. 18 at 3. In addition, Newman argues that the *Ludwick* claim should be remanded to state court rather than resolved by this court because the state court is better suited to address this state-law claim.

4

Finally, Newman argues that the Report errs in suggesting that dismissal with prejudice will not preclude her from pursuing related claims against other defendants in some other action. Her only support for this argument is the bald statement that because the potential defendants "are employed with the State the fact is that the case will be dismissed because the Causes of action are dismissed in this action."

**Response.** The Department responded to the above Objection noting, first, that a *Ludwick* claim is only available to an at-will employee who is without a statutory remedy to redress the challenged limitation. Dkt. No. 23 at 2. The Department asserts that Newman not only had a right to challenge her termination under the Grievance Act but, in fact, pursued a grievance in which she challenged her termination on multiple grounds. While her current claim of retaliation for refusal to commit fraud was apparently not raised, Newman clearly had and exercised a statutory right to challenge her termination through the grievance procedure.[3]

The Department argues that termination for refusal to commit fraud (the basis of Newman's *Ludwick* claim) would have been an abuse of discretion, remediable under the Grievance Act. It also notes that no employee of Newman's Department could have been included on the Grievance Committee panel which heard Newman's grievance. Dkt. No. 23 at 3. Thus, the allegations underlying Newman's *Ludwick* claim could have been considered by the Grievance panel which would not have been biased by inclusion of employees of Newman's Department. In any event, the Department notes that an employee may not bypass or ignore an available remedy in order to pursue a *Ludwick* claim. *See id.* (citing *Law v. South Carolina Dept. of Corrections*, 629 S.E.2d 642, 650-

---

[3] In addition, the Department argues that Newman should be precluded from now arguing that she did not have an available statutory remedy because she failed to raise this argument before entry of the Report, despite the Department's earlier reliance on the available statutory remedies as a defense to the *Ludwick* claim.

5

51 (S.C. 2009) (rejecting argument that employee may bypass the remedy provided by the Grievance Act in favor of a wrongful discharge claim under *Ludwick* based on a generalized fear that the grievance process will be biased)). Moreover, if Newman was dissatisfied with the decision of the panel, she had the right to pursue an appeal to an administrative law court and then to the state court of appeals. *Id.* at 4-5. She could not, however, pursue a wrongful discharge claim either in an attempt to relitigate her grievance or as an alternative to it. *Id.* (citing, *e.g., Earle v. Aycock*, 279 S.E.2d 614 (S.C. 1981) (holding that failure to appeal decision of Grievance Committee to the state court system "precluded [plaintiff] from raising the validity of the discharge in a collateral action as the decision of the committee became the law of the case, and the doctrine of res judicata bars the relitigation of this issue.")).

The Department also notes that the present allegations would have supported a claim under the Whistleblower Act. Dkt. No. 23 at 4. As the Department notes, Newman's objection to consideration of this Act is based not on its applicability to her allegations, but on her view that the remedies are inadequate or the prerequisites to suit unwarranted. The Department argues that these limitations are irrelevant and that the Whistleblower Act remains an available statutory remedy which bars Newman from pursuing a *Ludwick* claim. Dkt. No. 23 at 4 (citing *Frazier v. Target Corp.*, 2009 WL 3459221 (D.S.C. 2009) (finding *Ludwick* claim barred by available statutory remedy despite limitations on the relief available under the applicable statute)).

Finally, the Department argues that Newman's objection to dismissal with prejudice is without merit. The Department notes that, while a number of Newman's potential claims against third-parties may be foreclosed for other reasons, a with-prejudice dismissal of the suit against the Department would not, alone, preclude pursuit of a claim against any other defendant.

**DISCUSSION**

**General Objection.** To the extent Newman's reference to the standard of review is intended as an objection, it is too general to warrant treatment as a specific objection. Consequently, it does not support *de novo* review of any portion of the Report.

The court has, therefore, reviewed the Report for clear error except as noted below. Finding none, the court adopts the reasoning and recommendation of the Report as to the recommendation that the federal claims and any state law claims other than the *Ludwick* claim be dismissed. The recommendation that the *Ludwick* claim should be dismissed and that all dismissal rulings should be with prejudice are addressed below.

**Specific Objection as to *Ludwick* Claim.** In light of Newman's specific objection, the court has conducted a *de novo* review of the recommended dismissal of her *Ludwick* claim (for wrongful discharge in violation of public policy). For reasons argued by the Department and summarized above, the court finds the Report correctly recommends dismissal of this claim. First, Newman cannot now argue that she had no available remedies when she failed to offer this argument in response to the motion to dismiss (which raised this defense). Even if she were allowed to introduce this argument at this time, it would fail because both the Grievance Act and the Whistleblower Act provide statutory remedies which preclude pursuit of a *Ludwick* claim. That the available remedies under these Acts may be limited and that the Acts may impose procedural hurdles to recovery do not modify this conclusion. To the contrary, such restrictions reflect an exercise of legislative judgment which this court should not allow to be circumvented through pursuit of a common law *Ludwick* claim.

**Specific Objection as to Dismissal with Prejudice.** The court, likewise, finds the second aspect of Newman's Objection unsupported. The dismissal of claims against the Department does not preclude Newman from pursuing any claim against any other defendant. Most critically, a claim

7

dismissed because the Department is not a proper defendant as to that claim does not preclude assertion of the same claim against a person who may properly be named as a defendant. That this or another court may conclude that a particular claim against some other defendant is barred for the same reasons that it is barred as to the Department does not mean that this decision has any preclusive effect.

## CONCLUSION

For the reasons set forth above, the court adopts the reasoning and recommendation of the Report, grants the Department's motion, and dismisses all of Newman's claims with prejudice.

IT IS SO ORDERED.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 18, 2010